IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAZIEL MARTINEZ, ) | | |
| ID # 39585-177, ) | | |
| Movant, ) | No. 3:19-CV-2145-N-BH |
| vs. ) | No. 3:17-CR-582-N-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the movant's *Motion for Extension of Time*, received on September 10, 2019 (doc. 1). Based on the relevant findings and applicable law, the motion should be **DISMISSED** for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 26, 2018, Raziel Martinez (Movant) pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On September 24, 2018, he was sentenced to 151 months of imprisonment. (*See* 3:17-CR-582-N-1, docs. 39, 41.)

Movant contends that he is in the process of preparing a claim for ineffective assistance of counsel, but his efforts have been delayed due to various lock-downs at his prison facility and because he is also waiting on documents from the Clerk of Court. (*See* doc. 1 at 1-2.) He claims that his one-year deadline to file a motion to vacate his sentence under 28 U.S.C. § 2255 expires in a few weeks, and he seeks a 45-day extension of his deadline. (*See id.* at 2.) His motion does not present any specific grounds for relief under § 2255. (*See id.*)

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all § 2255 motions filed after its effective date. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A movant is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *See id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Federal courts lack jurisdiction to consider the timeliness of a § 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010, at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit

to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010, at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)) (other citations omitted).

Here, a ruling on the Movant's motion will require an advance determination of whether his motion will be time-barred and whether equitable tolling is applicable. As noted, § 2255 does not authorize a prospective extension of the statute of limitations. There is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III. RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless within the fourteen-day period for objecting to this recommendation, or some other deadline set by the Court, Movant submits a § 2255 motion.[2]

**The Clerk of the Court shall mail Movant a standard form for cases filed under 28 U.S.C. § 2255, with the case number included on the form.**

**SO RECOMMENDED** on this 13th day of September, 2019.

                                                     _[signature]_
                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Any motion will still be subject to the one-year statute of limitations under 28 U.S.C. § 2255(f)(1).

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5